UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| EFFIE LOUISE HAYES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 1:12-CV-69 |
| v. ) | *Collier / Lee* |
| ) | |
| COMMISSIONER OF SOCIAL SECURITY, ) | |
| *et al.*, ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

Before the Court is the application to Proceed *In Forma Pauperis* ("IFP Application") filed by Plaintiff Effie Louise Hayes [Doc. 1]. This matter comes before the undersigned for consideration of the IFP Application pursuant to 28 U.S.C. § 636(b), 28 U.S.C. § 1915, and the rules of this Court.

Plaintiff has submitted a 3-page complaint and nearly 100 pages of exhibits. Her Complaint is a form used for civil rights violations pursuant to 42 U.S.C. § 1983 and has handwritten notations "fraud + civil right violation" and "other civil right" near the title. The statement of Plaintiff's claim on this form is largely incomprehensible and appears to allege some sort of intentional fraud by Medicare and TennCare fraud and abuse [Doc. 2 at PageID#: 114]. In her demand for relief, Plaintiff indicates she seeks $35 million dollars and further writes that she seeks "to remove these Causeing Adversities, while it is framing trouble. Although these Merciless know full well the righteous of God; those Practicing such thing are deserving of (Death) thay not only keep on doing them but consent with those Practicing them; Consisting in Create the people in Union with Herself Himself into (defrauding) and causing" (sic) [*id.* at PageID#: 115].

Plaintiff's first exhibit [Doc. 2-1] largely appears to be handwritten reproductions of portions of the text from other exhibits [Docs. 2-3, 2-4, 2-5 & 2-6], which include a social security check dated 1994, documents from her bankruptcy dating back to 1994, tax documents from 1992, 1993 and 1994, documents from the social security administration which date back to a disability claim apparently made in 1993 or 1994, the front cover and other pages of various Medicare handbooks, medical records, medical bills, and letters informing Plaintiff of her coverage under various health care plans, documents from a bankruptcy in 1997 and 1998, and bank statements and other bank records from 2001, 2002, 2003, 2004 and 2009. There are many handwritten notes on these exhibits, but the notes are largely incomprehensible and would be impossible to piece together.

28 U.S.C. § 1915 allows a litigant to commence a civil or criminal action in federal court without paying the administrative costs of the lawsuit when the litigant shows by affidavit that she is unable to pay court costs and fees. 28 U.S.C. § 1915(a); *Denton v. Hernandez*, 504 U.S. 25, 27 (1992); *Gibson v. R.G. Smith Co.*, 915 F.2d 260, 262-63 (6th Cir. 1990). I do not reach the question of whether Plaintiff is indigent, however, because I recommend this action be dismissed for the reasons explained below.

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii), a district court may dismiss a complaint as frivolous or if it fails to state a claim upon which relief can be granted. *See Neitzke*, 490 U.S. at 324. It is impossible to discern any legally cognizably claims or the relief Plaintiff seeks for such claims from the Complaint, as the Complaint contains no factual assertions, explanation of her claim, or a comprehensible request for relief. The Complaint and accompanying exhibits also do not signal any obvious claim, as Plaintiff seems to be complaining of intentional fraud by Medicare, TennCare, the Social Security Administration, and possibly other entities, but does not explain the

basis for any fraud or any facts which might support her allegations. Indeed, it is impossible to discern from Plaintiff's handwritten reproductions of text from the exhibits or the exhibits themselves what allegations Plaintiff is attempting to make or the relief sought. Without any assertion of facts or statement of any legal theory supporting a claim for which Plaintiff seeks relief, there is no cognizable claim for which Plaintiff can be granted any relief.

Accordingly, I **RECOMMEND** that this action be **DISMISSED** under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted.[1]

SO ORDERED.

ENTER:

s/ *Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE

---

[1] Any objections to this report and recommendation must be served and filed within 14 days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the district court's order. *Thomas v. Arn*, 474 U.S. 140, 149 n.7 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive and general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).